THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HOWARD G. BAKER and
FANNIE M. BAKER,

    Appellants,

v.                                       Case No. 13-cv-1117 MCA/GBW

BANK OF NEW YORK MELLON AS TRUSTEE,
by and through its duly authorized servicing agent,
Vanderbilt Mortgage and Finance, Inc., and
VANDERBILT MORTGAGE AND FINANCE, INC.,

    Appellees.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition (PFRD), entered on February 2, 2015. *Doc. 42.*

The Bakers initiated the adversary proceeding that is the subject of this appeal on August 16, 2011. *Doc. 4* at 9. They alleged claims against Appellees for breach of contract, violation of the covenant of good faith and fair dealing, unfair trade practices, and intentional infliction of emotional distress. *Doc. 7* at 53; *doc. 4* at 9 (Complaint). The claims concern Appellees' refusal to accept payments on the Bakers' loan, their failure to provide the required cure notice prior to accelerating the loan, and the resulting state foreclosure action that lead to the loss of the Bakers' home. *See generally doc. 4* at 9.

The bankruptcy court held a three-day trial before Judge David T. Thuma in July 2013. *Doc. 7* at 103. During opening arguments, Appellees argued for the first time that the Bakers had not listed their claims against Appellees as assets on their Chapter 7 bankruptcy schedules, and therefore lacked standing to bring them. *Doc. 7* at 116. The Bakers objected, arguing that Appellees had waived this defense by not raising it in their pleadings or in the pretrial order. *Doc. 7* at 122, 450-51. The Bakers also moved to substitute the Chapter 7 trustee as plaintiff, in an effort to avoid any standing issues that they, as debtors, might have. *Doc. 7* at 487-491.

The Court took the Bakers' motion under advisement and proceeded with the trial. *Doc. 7* at 491. The trial concluded as planned and, on October 4, 2013, Judge Thuma filed his Findings of Fact and Conclusions of Law (FF&CL). *Doc. 7* at 51. Judgment was entered in favor of Appellees on all counts. *Doc. 7* at 72.

In its FF&CL, the bankruptcy court found four separate grounds on which the Bakers' claims could be dismissed. First, the bankruptcy court held that it had "an independent duty to confirm its subject matter jurisdiction," and concluded that the Bakers had failed to establish standing because they had not scheduled their claims against Appellees in their Chapter 7 bankruptcy case. *Doc. 7* at 57. The bankruptcy court denied the Bakers' motion to substitute the trustee, finding that the substitution would not change the result of the case. *Doc. 7* at 58-59.

The bankruptcy court next concluded that the Bakers' claims were subject to dismissal on additional grounds because (1) they were barred by the applicable statutes of limitation; (2) the *Rooker-Feldman* doctrine prevented the Bakers from pursuing their claims; and (3) the claims were compulsory claims against Appellees in the state foreclosure action, and were therefore barred. *Doc. 7* at 59-67.

The Bakers filed a Motion for Relief from Judgment and Second Request for Leave to Substitute Chapter 7 Trustee as Plaintiff under Federal Rule of Civil Procedure 17(a). *Doc. 7* at 74. The bankruptcy court denied the motion on October 28, 2013. *Doc. 7* at 79.

On appeal, the Bakers argue that the bankruptcy court committed reversible error by (1) refusing to permit the Chapter 7 trustee to substitute as the plaintiff in the adversary proceeding; and (2) holding that the Bakers' claims, or the claims of a substituted Chapter 7 trustee, would have been prohibited on grounds other than standing.

In his PFRD, the Magistrate Judge concluded that the Bakers did indeed lack standing to bring the claims at issue because the Chapter 7 trustee was the real party in interest, and recommended that the bankruptcy Court's ruling be affirmed on that point. *Doc. 42* at 10-12. Next, the Magistrate Judge recommended that the Court affirm the bankruptcy court's dismissal of the Bakers' claims for lack of standing because "[t]here is nothing in the record to indicate that the . . . dismissal of the Baker's claims

was an abuse of discretion." *Id.* at 14.  As to the Bakers' argument that the bankruptcy court should have permitted the Chapter 7 trustee to substitute as the plaintiff in the adversary proceeding, the Magistrate Judge recommended affirming the bankruptcy court's ruling in light of (1) the length of time since the Chapter 7 case was closed, (2) the fact that the determination of the real party in interest was not difficult, and (3) the fact that there were other problems with the Bakers' claims that would not have been remedied by substituting the trustee as plaintiff.  Finally, Magistrate Judge Wormuth recommended concluding that the bankruptcy court did not err in holding that various legal doctrine would have prohibited the claims at issue because the bankruptcy court had, appropriately, ruled in the alternative.

Neither side has filed objections to the PFRD, and, upon review of the record, I concur with the Magistrate Judge's findings and recommendations.

Wherefore, IT IS HEREBY ORDERED that the Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 42*) is ADOPTED, the United States Bankruptcy Court's judgment in favor of Appellees and against the Bakers is AFFIRMED.

_____
CHIEF UNITED STATES DISTRICT JUDGE